UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RENZO MANUEL ALBERTO SOTO MORI,<br><br>                              Petitioner,<br><br>v.<br><br>CHRISTOPHER J. LAROSE, Warden, Otay Mesa Detention Center;  DANIEL A. BRIGHTMAN, Acting Field Office Director, U.S. Immigration and Customs Enforcement; TODD M. LYONS, Acting Director, U.S. Immigration and Customs Enforcement; and  KRISTI NOEM, Secretary of United States Department of Homeland Security;<br><br>                              Respondents. | Case No.:  26-cv-01350-GPC-BJW<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**<br><br>[ECF No. 1] |

## ORDER

On March 3, 2026, Petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. ECF No. 1. Petitioner entered the United States in March 2023 with his wife and young son. ECF No. 1, ¶ 1. After Petitioner presented himself at the border, Respondents briefly detained Petitioner and released him the following day. *Id.* At that time, Respondents commenced full removal proceedings against Petitioner. *Id.* Petitioner

has resided in Maryland since arriving in the United States and has attended all of his immigration hearings in Maryland. *Id.* ¶ 2. Petitioner has also applied for asylum. *Id.*

On January 29, 2026, Petitioner was re-detained by ICE without a hearing. *Id.* ¶¶ 3, 24. Petitioner seeks an Order requiring his release. ECF No. 1, at 12. Respondents have filed a notice of non-opposition to Petitioner's release. ECF No. 3.

Accordingly, the Court **ORDERS**:

1. Petitioner's Petition for Writ of Habeas Corpus is **GRANTED** as to Petitioner's requested release from custody.

2. Because Petitioner was previously released from DHS custody, Petitioner retains a protected liberty interest in remaining out of custody. *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025). Thus, any re-detention of Petitioner requires (a) a pre-detention hearing and (b) a showing that Petitioner poses a flight risk or danger to his community. *Id.*; *Salcedo Aceros v. Kaiser*, No. 25-CV-06924-EMC (EMC), 2025 WL 2637503, *12 (N.D. Cal. Sept. 12, 2025). Because Petitioner did not receive a pre-detention hearing and the government has presented no evidence that Petitioner poses a flight risk or danger to the community, Petitioner **SHALL** be released **IMMEDIATELY** from DHS custody. Respondents **SHALL NOT** impose any additional restrictions on him, such as electronic monitoring, unless that is determined to be necessary at a later custody hearing.

3. Respondents **SHALL NOT** re-arrest or re-detain Petitioner absent compliance with constitutional protections, which include, at a minimum, pre-deprivation notice of at least seven days before a pre-deprivation hearing at which the government will bear the burden of demonstrating by clear and convincing

evidence that Petitioner is likely to flee or pose a danger to the community if not detained.[1]

**IT IS SO ORDERED.**

Dated: March 10, 2026

Hon. Gonzalo P. Curiel
United States District Judge

---

[1] In his prayer for relief, Petitioner requests an award of costs and reasonable attorney's fees pursuant to the Equal Access to Justice Act. ECF No. 1, at 13. That request is DENIED without prejudice. Petitioner's counsel may submit an appropriate EAJA fee application within 30 days of the issuance of this Order.